The opinion of the Court was delivered by
Wardlaw, J.
The substance of the declaration is, that the defendant made an affirmation and representation concerning Joe’s soundness, which was false and then known by him to be false, whereby the plaintiff was deceived, and in consequence has sustained damage.
The writing which is copied in the report, and which was signed “Geo. Kinlock, agent for Mrs. Miller,” is the only evi *310 deuce of any representation made by the defendant. This the Recorder calls “ a paper certifying to the soundness and character of Joe.” But soundness is not alluded to in it, nor is character, if that word is understood to embrace moral qualities or any thing besides qualification as a baker. Every word contained in it appears to be true, unless some exception may be involved in the phrase “to change the investment.” Yet still, apart from the question of fraudulent intention, instructions have been given to the jury, under which this writing might have sustained the action, upon proof that the plaintiff was actually misled by it and in consequence sustained loss, although the defendant may not have intended a fraud.
The argument in support of the instructions seems to be this. The concurrence of wrong and damage gives a right of action; the affirmation of a known falsehood is a wrong: the suppression of truth is equivalent to the suggestion of falsehood : such purpose is not essential to the constitution of wrong in that which is wrong in itself: and therefore the fraudulent intention of the defendant was not necessary to the completion of the plaintiff’s case.
Of these propositions there is manifest error in that one which makes the suppression of truth always equivalent to the suggestion of falsehood. Falsehood' suggested by which a plaintiff is misled and hurt, gives no action unless it be accompanied by moral wrong: (Bailey vs. Walford, 9 Ad. & El., N. S. 197; Ormrod vs. Huth, 14 M. & W. 651; Haydroft vs. Cready, 2 East. 92.) It is always so accompanied, when it is known at the time by him who utters it to be false. (Russell vs. Clark, 7 Cranch, 69; Lofdell vs. Baker, 1 Met. 194; 3 Idem, 469; Foster vs. Charles, 6 Bing. 396; 7 idem, 108; 8 Bing. 433; See 1 Smith’s Lead. Cases, 79; 2 Ib. 71.) But omission to state a known truth is not usually wilful concealment, and even when it is, is often both prudent and praiseworthy. To make the suppression of truth wrong, it must be not only wilful but immoral. It is only when duty *311 requires the utterance of truth that its suppression is a moral wrong. If the rights of the inquirer, the relations of the speaker to the subject and parties concerned, time, place, and other circumstances impose the duty of speaking, silence is wrong: and if such silence is calculated to deceive and does deceive, it may, without any purpose of selfish gain or malicious mischief, sustain an action for the loss it occasions. In such case it is fraudulent, because it is dishonest and deceives. It is a lie indirect, the same in guilt and in consequences as a lie direct. It is an evil not justified even when done that good may come from it.
In the case before us the Recorder, upholding the obligation of a seller to disclose all known faults, has applied the obligation in full force to the defendant, as agent of the seller; and even with the concession that the defendant’s intention was not fraudulent, has considered his omission of a known fact as a written representation that the fact did not exist, and for this has held him responsible just as the seller would have been for a false affirmation. This enforcement of a high morality required plain evidence that at the time when the defendant signed the writing, circumstances made it obligatory upon him to disclose all the faults of Joe known to him, and must have informed him that what he omitted to state would be taken not to exist. The evidence of what occurred at the signing of the writing shows nothing but the presentment at the instance of another agent, to the defendant, of a paper which he signed. What was then told to him, or asked of him ? What was the nature of his agency ? What was the purpose of the paper ? Could it be fairly interpr'eted into a full statement of all that he knew about Joe? Was it calculated to impose upon an ordinarily prudent man in respect to Joe’s physical condition ? Were further inquiries by a purchaser then contemplated? Were they actually made ? Was the omission in the writing of the matter complained of not merely incautious, but intentionably wrong, equivalent to his affirmation of a known falsehood ? *312 These questions must be answered against the defendant by the evidence, before he can be held answerable for the plaintiff’s loss.
Other questions are involved in the case, which have been suggested in the argument, but which this Court does not pass upon, especially some concerning warranty or such abatement of price as excluded the implication of warranty, and concerning the legal irresponsibility or the insolvency of Mrs. Miller as one of the causes of the plaintiff’s loss. The case is now sent back, because' of the instructions concerning intention, which were given by the Recorder upon the view which he thinks it most likely the jury took, and because of the deficiency and seeming misconceptions of the evidence applicable to that view.
Motion for new trial granted.
O’Neall, and Whitner, JJ., concurred.

Motion granted.